## Statement of the Case.

Action by John A. Watson against Wilber Mercantile Agency to recover attorney's fees for services claimed to have been rendered by plaintiff for defendant at the latter's request. From a judgment in favor of plaintiff, defendant appeals.

BRYAN, DUVAL, McCORMICK & WILBER, for appellant.

BASTRUP & O'NEILL, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 137*—*when instruction erroneous.* In an action for attorney's fees claimed to have been rendered to defendant by plaintiff at defendant's request, an instruction which directs a verdict for plaintiff and ignores defendant's contention that he acted as agent of a third party in hiring plaintiff, of which there was evidence, *held* erroneous.

2. APPEAL AND ERROR, § 1646*—*when erroneous instruction not cured by other instructions.* Where an instruction assumes to direct a verdict if the jury believe from the evidence that certain stated facts are true, it is error to omit from the hypothesis any material disputed element of fact as to which there is any competent evidence, and such an error cannot be cured by other instructions.

---

## Stanislaw Jvanowski, Appellee, v. Spring Valley Coal Company, Appellant.

### Gen. No. 18,451.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed November 20, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

## Statement of the Case.

Action by Stanislaw Jvanowski against Spring Valley Coal Company to recover for personal injuries sustained by plaintiff while employed as a miner in defendant's mines, on account of defendant's wilful failure to supply plaintiff with props. From a judgment in favor of plaintiff for two thousand five hundred dollars, defendant appeals.

MASTIN & SHERLOCK, for appellant; FRANK CROZIER, of counsel.

JOHNSON & BELASCO, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. MINES AND MINERALS, § 90*—*when a demand for props may be made of driver.* Where there is a rule that the men are required to make their demand for props of the manager, a demand made upon the driver for such props is sufficient where there is a custom established in the mine to ask the driver therefor.

2. MINES AND MINERALS, § 156*—*when evidence of custom to demand props of driver admissible.* Evidence of a custom to demand props of the driver, instead of the manager, is admissible though such custom is not pleaded.

3. MINES AND MINERALS, § 194*—*when refusal of requested instruction reversible error.* In an action for injuries sustained for wilful failure of mine owner to furnish props, where plaintiff relies on his demand upon the driver therefor in accordance with an established custom, refusal of a requested instruction informing the jury as to the legal effect of the evidence relating to the alleged custom, *held* error where such requested instruction was not covered by other instructions given.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.